IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WALLACE,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY BROWN et. al.,<br><br>    Defendants.<br>_____/ | No. CIV S-09-0502 JAM EFB P<br><br><br><br><br><br>FINDINGS AND RECOMMENDATIONS |

     Richard Wallace, an inmate confined at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed a third amended complaint. *See* Dckt. No. 16. For the reasons set forth below, the court finds that plaintiff's third amended complaint fails to state any claims for which relief can be granted under section 1983 and recommends that this action be dismissed with prejudice.

     Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Id.* § 1915A(b).

On May 4, 2010, the court dismissed plaintiff's complaint with leave to amend. The court held that plaintiff's claims challenging the validity of his conviction or sentence were dismissed without leave to amend. Dckt. No. 7.

On February 8, 2011, the court dismissed plaintiff's second amended complaint with leave to amend. Dckt. No. 8. The court reiterated that plaintiff's claims challenging the validity of his conviction or sentence had been dismissed without leave to amend, and rejected plaintiff's attempt to revive those complaints.

Plaintiff has now filed a third amended complaint. The court has reviewed it pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim under section 1983. Plaintiff again alleges that his parole agent, Martinez Geiger, falsified his parole violation report, and that he was therefore unconstitutionally denied discharge from parole. He also alleges that parole officers Isabelle Voit and Sherri Green presented a falsified presentence report to the Superior Court in for his 2007 criminal conviction. He reported the falsification of his parole violation report to parole supervisor Laura Campoy, who did not investigate his claims. His criminal history and arrest records are outdated and incorrect and contain false information compiled by the Department of Justice, the Attorney General, Adult Probation, and the California Department of Corrections and Rehabilitation. He reported the inaccuracy of his records to California Attorney General Bill Lockyer, who responded that his records were accurate. Plaintiff has filed a series of habeas corpus petitions in Solano County Superior Court, the California Court of Appeal, and the California Supreme Court.

As the court has previously explained to plaintiff, his claims challenge the validity of his conviction or sentence. The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of

confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). If plaintiff were to succeed on his claims that defendants falsified records leading to the denial of parole, those findings would necessarily implicate the constitutionality of plaintiff's current imprisonment. *See Heck*, 512 U.S. at 487. Although plaintiff alleges that he has filed habeas petitions in state court, he has not demonstrated that his sentence has previously been invalidated. Therefore, plaintiff cannot proceed under section 1983. Plaintiff may wish to file a federal habeas petition instead.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE